Filed 7/9/14  Martin v. Depart. of Fair Employment and Housing CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARVIN I. MARTIN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Defendant and Respondent. | B251186<br><br>(Los Angeles County<br>Super. Ct. No. BC506782) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mel Red Recana, Judge.  Affirmed.

Marvin I. Martin, in pro. per., Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Michael E. Whitaker and Michael J. Hui, Deputy Attorneys General, for Respondent.

_____

Plaintiff and appellant Marvin Martin brought this action against defendant and respondent California Department of Fair Employment and Housing (DFEH) seeking damages for DFEH's allegedly inadequate investigation of age discrimination claims appellant brought against unrelated third parties, which appellant claims is a violation of Government Code section 12941, a provision of the California Fair Employment and Housing Act (FEHA) (§ 12000, et seq.).[1]  The trial court sustained DFEH's demurer without leave to amend, finding DFEH had governmental immunity.  On appeal from the judgment of dismissal, appellant contends:  (1) the trial court erred in not allowing him to amend the complaint to allege DFEH's conduct is actionable under additional FEHA provisions, as well as the Equal Protection Clause of the California Constitution, which would bring the case within an exception to the general rule of governmental immunity and (2) appellant was denied due process by an award of unspecified costs to respondent. Although we appreciate appellant's understandable interest in DFEH initiating additional investigation of his claims, we find no error in the trial court's ruling.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to his verified complaint, appellant was 70 years old in 2010.  He had "triple majors in science engineering and mathematics, general and special education teaching credentials, outstanding letters of reference . . . citations from the California State Assembly, State Senate and Los Angeles County Board of Supervisors presented in recognition of accomplishments as an educator, and highly acclaimed relevant experience in a first career in industry and service to the government."  Between 2010 and 2013, appellant applied for 50 teaching positions advertised on a State of California website, but was not granted any interviews.  "In each and every instance," appellant filed an age discrimination complaint with DFEH.  The record does not include a copy of any of appellant's 50 complaints.  According to the Opening Brief, each complaint alleged

---

[1]     All future undesignated statutory references are to the Government Code.

"failure to select appellant as a job candidate to be interviewed." According to the Opening Brief, "Each claim was concluded with [DFEH] issuing to appellant a Notice of Case Closure and Right to Sue, which in no instance included findings that were the basis of closing the case." The record does not include a copy of any of the notices. Although he was provided right-to-sue notices, the record does not indicate whether appellant took any further action against the prospective employers he claims discriminated against him because of his age.

In August 2012, appellant submitted a claim against DFEH to the California Victim Compensation and Government Claims Board (the Claims Board).[2] The record does not include a copy of appellant's claim. In a letter dated August 30, 2012, the Claims Board informed appellant, "Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The [Claims Board] will act on your claim at the October 18, 2012, hearing. . . . The [Claims Board] rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further." In a letter dated October 26, 2012, appellant was notified that the Claims Board had elected not to pursue the claims against DFEH on appellant's behalf.

On April 23, 2013, appellant initiated this action with the filing of a verified complaint for damages. In the introductory section of the complaint, appellant alleges DFEH "did not adhere to California judicial standards in considering the merits of his complaints." Specifically, DFEH did not personally meet with appellant, subpoena records, interview employees of the employers who did not interview appellant, determine the qualifications and ages of those who were granted interviews, and did not treat appellant's 50 complaints as "a pattern of age discrimination in hiring." The first cause of action, captioned "Breach of Duty by Failure to Investigate and Exercise Due

---

[2]    See section 915, subdivision (b)(1) [a claim against the state is presented by delivering or mailing it to the Victim Compensation and Government Claims Board].

3

Diligence," alleges that DFEH's failure to adequately investigate and exercise due diligence as to appellant's 50 complaints was a violation of section 12941 [differentiating between employees on basis of salary when terminating employment may constitute age discrimination]. The second cause of action, captioned "Breach of Duty by Failure to Enforce," alleges that DFEH failed to enforce section 12941. The third cause of action, captioned "Mental and Emotional Distress," alleges that, as a result of DFEH's violations of section 12941, appellant suffered mental and emotional distress.

DFEH demurred to the complaint on the grounds that (1) it was immune from liability under sections 815 and 818.2; (2) section 12941 does not establish a private right of action; and (3) the challenged conduct was not sufficiently outrageous to constitute actionable emotional distress.

Appellant countered that (1) violation of section 12941 falls under the section 815.6 exception to the general rule of governmental immunity; (2) the trial court had discretion to find a private right of action under section 12941; (3) appellant had received a "right-to-sue" letter; and (4) age discrimination constitutes outrageous conduct. Appellant sought leave to amend the complaint in unspecified ways: "The residual uncertainties and issues that underlie [DFEH's] demurrer are not fatal and easily corrected by amendment of the complaint. The demurrer should be dismissed and [appellant] given leave to amend."

The trial court sustained DFEH's demurrer without leave to amend. In a written opinion, the trial court explained that DFEH is immune from liability under sections 815 and 818.2, and that there is no private right of action to enforce section 12941. The trial court found appellant's reliance on section 815.6 misplaced, inasmuch as appellant did not identify any statute that created a mandatory duty which DFEH failed to discharge. Regarding the emotional distress cause of action, the trial court found that the facts did not support a claim for intentional infliction of emotional distress because the challenged conduct (failure to adequately investigate appellant's age discrimination claims) was not so outrageous as to exceed the bounds of societal norms. Further, to the extent appellant claimed  negligent infliction of emotional distress, DFEH was immune. Judgment of

4

dismissal was entered on August 20, 2013. Notice of entry of judgment was served on August 28, 2013. Appellant timely appealed.

**DISCUSSION**

*A. Denial of Leave to Amend Was Not An Abuse of Discretion*

Appellant contends the trial court abused its discretion in denying him leave to amend the complaint to allege that DFEH did not discharge mandatory duties imposed by sections 12921, 12962, subdivision (a) and 12963 of FEHA, and that DFEH's omissions denied appellant equal protection under the California Constitution. He argues that such amendments would trigger application of the section 815.6 exception to the general rule that DFEH is immune from tort liability under sections 815 and 818.2.[3] Appellant is incorrect.

**1. Standard of Review**

We begin with the standard of review. " 'On appeal from a dismissal entered after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the petition states a cause of action as a matter of law.' [Citation.] 'We deem to be true all material facts that were properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] We may also consider matters that may be judicially noticed, but do not accept contentions, deductions or conclusions of fact or law.' [Citation.] 'We independently construe statutory law, as its interpretation is a question of law on which we are not bound by the trial court's analysis.' [Citation.]" (*Guzman v. County of Monterey* (2009) 178 Cal.App.4th 983, 990 (*Guzman*).)

---

[3]     DFEH asserts appellant forfeited his claims by tacitly admitting DFEH investigated his claims by alleging that he received right-to-sue letters in all 50 cases. Although we ultimately conclude that appellant has not shown DFEH failed to discharge any mandatory duty, providing a right-to-sue letter is just one such duty and admitting that he received such a letter does not forfeit appellant's claim that other duties were not discharged.

Where the demurrer is sustained without leave to amend, we must determine whether the trial court abused its discretion in doing so. "It is an abuse of discretion to deny leave to amend if there is a reasonable possibility that the pleading can be cured by amendment. [Citation.] Regardless of whether a request therefore was made, unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion. [Citation.]" (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854.)

## 2. Overview of the Law

Because appellant claims he should be allowed to amend his complaint to develop his Equal Protection and FEHA claims, we start our analysis with a brief discussion of those constitutional and statutory provisions as well as relevant parts of the Government Claims Act.

### a. *Equal Protection*

The Equal Protection Clause of the California Constitution provides: "A person may not be . . . denied equal protection of the laws . . . ." (Cal. Const., art. 1, § 7.) However, it is well settled that there is no right to sue for monetary damages directly under the Equal Protection Clause of the state constitution. (*Javor v. Taggart* (2002) 98 Cal.App.4th 795, 807; *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 517-518 (*Gates*).) We turn next to the two statutory schemes implicated by appellant's contentions, FEHA and the Government Claims Act (§ 810 et seq.). We begin with the relevant FEHA provisions.

### b. *FEHA*

The opportunity to seek and hold employment without discrimination because of age, among other things, is a civil right. (§ 12921.) It is "an unlawful employment practice, unless based upon a bona fide occupational qualification . . . [f]or an employer, because of the . . . age . . . of any person, to refuse to hire or employ the person . . . ."

6

(§ 12940, subd. (a).) In 1999, the Legislature clarified that "the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group . . . ."[4] (§ 12941.)

Alleged victims of age discrimination may file a verified complaint with DFEH. (§ 12960.) DFEH must serve the complaint upon the party alleged to have committed the unlawful practice. (§ 12962, subd. (a).) If the complaint alleges "facts sufficient to constitute a violation of any of the provisions of this part, [DFEH] shall make prompt investigation in connection therewith." (§ 12963, italics added; see also Cal. Code Regs., tit. 2, § 10026, subd. (a).)[5] Sections 12963.1 through 12963.4 describe the panoply of investigatory tools available to DFEH. (See Cal. Code Regs., § 1026, subd. (c) ["During the course of its investigation the department may, but is not required, to issue and serve investigative subpoenas, written interrogatories, and requests for production of books, records and documents."].)

---

[4] Former section 12941.1 was enacted in response to the decision in *Marks v. Loral Corp.* (1997) 57 Cal.App.4th 30, in which the court held the use of salary to differentiate between employees was not age discrimination. It was renumbered section 12941, which reads in full: "The Legislature hereby declares its rejection of the court of appeal opinion in *Marks v. Loral Corp.*[*supra*,] 57 Cal.App.4th 30, and states that the opinion does not affect existing law in any way, including, but not limited to, the law pertaining to disparate treatment. The Legislature declares its intent that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group, and further declares its intent that the disparate impact theory of proof may be used in claims of age discrimination. The Legislature further reaffirms and declares its intent that the courts interpret the state's statutes prohibiting age discrimination in employment broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers. Nothing in this section shall limit the affirmative defenses traditionally available in employment discrimination cases including, but not limited to, those set forth in [Former Cal. Admin. Code [now Cal. Code Regs.], tit. 2, §11010 [Affirmative Defenses to Employment Discrimination].]"

[5] All future citations of the California Code of Regulations are to Title 2.

7

In addition to the various investigatory options at its disposal, DFEH also has discretion to close the case "taking into consideration the complexity of the case, time necessary to complete the investigation, and likelihood of proving discrimination . . . where continued investigation would be an inefficient use of [DFEH's] resources." (Cal. Code Regs., § 10030, subd. (a)(2); see *Dyna-Med, Inc. v. Fair Employment and Housing Com.* (1987) 43 Cal.3d 1379, 1401-1402 [recognizing that DFEH's case load precludes it from pursuing all claims].) Whenever an investigation is closed or terminated by DFEH for any reason, DFEH must give the complainant written notification of the reason for closure, which constitutes a right-to-sue notice. (§ 12965, subds. (a) & (b); Cal. Code Regs, § 10032.) We turn next to the Government Claims Act.

### c. The Government Claims Act

The state and its departments are public entities. (See § 811.2.) Absent an express statutory provision to the contrary, a public entity is immune from tort liability. (§ 815, subd. (a).) In particular, "[a] public entity is not liable for an injury caused by . . . failing to enforce any law." (§ 818.2.)

The statutory exception to governmental immunity upon which appellant relies is section 815.6, which provides: "Where a public entity is under a *mandatory duty* imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (§ 815.6, italics added.)

### d. Case Law

A litigant seeking to plead the breach of a mandatory duty within the meaning of section 815.6 must specifically allege the applicable statute or regulation. (*County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 638.) " ' "Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts." '

8

[Citation.]" (*Guzman, supra,* 178 Cal.App.4th at p. 991.) An enactment that recites legislative goals and policies that must be implemented through a public entity's exercise of discretion does not create a mandatory duty. (*County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 639 (*County*) [Welf. & Inst. Code, § 16000 (legislative intent in foster care placement creates no mandatory duty for purposes of governmental immunity].)

On the issue of whether the adequacy of DEFH's investigation can fall within the section 815.6 exception to immunity, two cases, *Mahdavi v. Fair Employment Practice* (1977) 67 Cal.App.3d 326 (*Mahdavi*) and *Guzman, supra*, 178 Cal.App.4th 983, are instructive. In *Guzman*, the court held that the county was liable under section 815.6 because the Safe Drinking Water Act (Health & Saf. Code, § 116270 et seq.), and the implementing provisions of the California Code of Regulations, imposed upon the County "the express mandatory duty to undertake a monthly review of all water quality monitoring data submitted to it in order to detect deviations from specific water quality standards. . . . [T]his duty was designed to protect water consumers like plaintiffs from the type of harm they claim to have suffered [water contamination]." (*Guzman* at p. 988.) The court observed that, unlike the mandatory duty to undertake a monthly *review* of the data, the manner in which the County *enforced* the water quality standards could not be the basis of liability under section 815.6 because the County had discretion as to the manner of enforcing the standards. (*Id*. at p. 993.)

In *Mahdavi, supra,* 67 Cal.App.3d 326, Mahdavi filed a discrimination complaint against the University of California at Irvine after he was not hired for two positions he sought.[6] The Fair Employment Practices Commission (precursor agency to DFEH) closed the case for lack of evidence of discrimination based on the recommendation of its investigator, who met with representatives of the university. Mahdavi filed a petition for

---

[6]      *Mahdavi* construes provisions of the former Fair Practices Act (former Lab. Code, § 1410 et seq.) which was enacted in 1959 and prohibited employment discrimination. That act was repealed in 1980 and replaced with FEHA.

writ of mandate charging the investigation was so perfunctory as to constitute an abuse of discretion. (*Id.* at pp. 331-332.) The court held that "the nature and scope of an employment discrimination investigation lies within the discretion of the [commission]." (*Id.* at p. 337.) Noting that the investigation of Mahdavi's claims could have been more complete, the court nevertheless found the investigation was sufficient to support the decision to close the case. (*Id.* at p. 338.) We turn now to an application of the statutory and case law to the facts of this case.

### 3. Denial of Leave to Add Equal Protection Claim Was Not An Abuse of Discretion

Defendant argues it was an abuse of discretion to deny him leave to amend his complaint to allege a cause of action under the Equal Protection Clause of the California Constitution. The flaw in appellant's argument is that the only relief appellant seeks is monetary damages. As we have already noted, there is no right to sue for monetary damages directly under the Equal Protection Clause. (*Gates, supra*, 32 Cal.App.4th at pp. 517-518.)

Appellant's reliance on *Laguna Publishing Co. v. Golden Rain Foundation* (1982) 131 Cal.App.3d 816, for a contrary result is misplaced. The *Laguna* court held that it was a violation of the plaintiff-newspaper publisher's free speech right (Cal. Const., art. 1, § 2) for the owners of a gated retirement community to exclude the plaintiff's newspaper from delivery to the residents, the plaintiff had a direct right to sue for damages for that violation, and that the right to free speech also came within the ambit of Civil Code section 1708 ["Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."] and Civil Code section 3333 ["[F]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."]. (*Laguna,* at pp. 853-854.) *Laguna* was disapproved by our Supreme Court in *Katzberg v. Regents of the University of California* (2002) 29 Cal.4th

10

300, 328, footnote 30, which held that there was no right to sue for monetary damages directly under the Due Process Clause of the California Constitution.

> **4.**     **Denial of Leave to Amend to Include Additional FEHA Allegations Was Not an Abuse of Discretion**

It was not an abuse of discretion to deny appellant leave to amend his complaint to add allegations that DFEH did not perform mandatory duties set forth in sections 12921, 12962, subdivision (a) and 12963.  As we shall explain, appellant has not alleged that DFEH failed to discharge any mandatory duty imposed by those statutes.

First, section 12921 states that the opportunity to seek and hold employment without discrimination because of age, among other things, is a civil right.  Section 12921 recites state policy that is implemented by other statutes and regulations.  In itself the statute does not create a mandatory duty and does not support application of the section 815.6 exception.  (See *County, supra*, 102 Cal.App.4th at p. 639.)

Second, section 12962, subdivision (a) requires DFEH to serve the complaint upon the person alleged to have committed the unlawful practice (i.e. employment discrimination).  Although section 12962, subdivision (a) imposes a mandatory duty on DFEH to serve the complaint, appellant does not allege that DFEH failed to serve any of his 50 complaints.  Thus, appellant has failed to show how amending the complaint to add a reference to section 12962 would bring his claims with the section 815.6 exception.

Third, section 12963 requires DFEH to make "prompt investigation" of "any complaint alleging facts sufficient to constitute a violation" of FEHA.  While section 12963 imposes upon DFEH a mandatory duty to investigate discrimination complaints, the gist of appellant's claims is that DFEH failed to *adequately* investigate, not that it failed to investigate at all.  Specifically, appellant complains DFEH did not personally meet with him, subpoena records, interview employees of the employers who did not interview appellant, determine the qualifications and ages of those who were granted interviews and did not treat his 50 complaints as "a pattern of age discrimination in hiring."  But these are investigatory tools which DFEH has discretion but is not

11

compelled to use.  (Cal. Code Regs, § 10026, subd. (c); see *Mahdavi, supra*, 67 Cal.App.3d at p. 337 [nature and scope of any investigation is within the DFEH's discretion].)  Failure to exercise discretion in a particular manner does not create liability under section 815.6.  (*Guzman, supra*, 178 Cal.App.4th at p. 993.)  Thus, appellant has not shown how amending the complaint to add a reference to section 12963 would bring his claims within the section 815.6 exception.

The finding that DFEH has immunity from tort liability makes it unnecessary for us to determine whether the Third Cause of Action for Intentional Infliction of Emotional Distress stated facts sufficient to constitute a cause of action, or whether appellant could have amended the complaint to add a cause of action for negligent infliction of emotional distress.  (See *Kisbey v. State of California* (1984) 36 Cal.3d 415, 418, fn. 3.)

We appreciate appellant's disappointment due to his belief that DFEH did not adequately investigate his many claims of age discrimination.  But the operative statute expressly gives DFEH the option of a fully developed investigation or of closing the case and issuing a right-to-sue letter.  (Cal. Code Regs., tit. 5, § 10030(a)(2); *Dyna-Med, Inc. v. Fair Employment and Housing Com., supra,* 43 Cal.3d at pp. 1401-1402.)  The Legislature has thus expressly given DFEH discretion in deciding how best to handle complaints such as those made by appellant.  It would be inappropriate for the courts to usurp the legislative function and supervise DHEF's discretionary responsibility.  Appellant's option in this situation is to bring appropriate legal action against those entities that he claims discriminated against him.

## B.    Costs

Appellant contends he was denied due process by the trial court's award of costs to DFEH "in an indeterminate amount without argument of counsel."  He is incorrect.

"[A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  (Code Civ. Proc., § 1032, subd. (b).)  The amount of the costs award is often left blank in the judgment and is established in postjudgment proceedings specified in the California Rules of Court.  (See Code Civ. Proc., § 1034, subd. (a) [allowable costs

"shall be claimed and contested in accordance with rules adopted by the Judicial Council."]; Code Civ. Proc., § 1033.5 [identifying items that are allowable as costs]; see also *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 996-997 [explaining procedure].) Specifically, rule 3.1700 requires a prevailing party who claims costs to serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment. (Cal. Rules of Court, rule 3.1700(a)(1).) Within 15 days after service of the costs memorandum, the other party may file a motion to strike or tax costs. (Cal. Rules of Court, rule 31700(b)(1).) When the order setting the amount of costs is filed, the clerk enters the amount on the judgment. (Cal. Rules of Court, rule 3.1700(b)(4); *Grant,* at p. 997.) The notice of appeal subsumes any latter order setting the amount of costs. (*Id.* at p. 998.) Thus, appellant was not denied due process as the result of the judgment awarding unspecified costs to DFEH, the prevailing party.

## DISPOSITION

The judgment is affirmed. Each side to bear its own costs on appeal.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.


13